**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **ex rel. KENNETH MASSEY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **09 C 2236** |
| | ) | |
| **ANTHONY RAMOS,**[1] | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

Petitioner Kenneth Massey's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Massey's petition is denied.

## I.    Background

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Massey has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The court thus adopts the state court's recitation of the facts, and will briefly summarize the key facts which are relevant to Massey's § 2254 petition.

### A.    Procedural Posture

Following a jury trial in the Circuit Court of Cook County, Massey was convicted of first degree murder and two counts of aggravated battery with a firearm in connection with the death of Frank Evans and the shooting of Betty Jo Miller and William Manning. *People v. Massey*, No. 1-04-3095 (Ill. App. Mar. 9, 2006) (unpublished order). Massey was sentenced to

---

[1] Massey's petition named Terry McCann, the former warden of the Stateville Correctional Center, as the respondent. Anthony Ramos is currently the acting warden of that facility. He is, therefore, substituted as the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

consecutive twenty-eight-year and ten-year prison terms, respectively.  Massey appealed, and the

Illinois Appellate Court affirmed.  Massey filed a petition for leave to appeal ("PLA") with the

Illinois Supreme Court, contending that the trial court should have given an "addict instruction"

since critical witnesses were drug addicts.  The Illinois Supreme Court denied the PLA on May

24, 2006.

In October of 2006, Massey filed a pro se state postconviction petition, which was

summarily dismissed.  The Illinois Appellate Court affirmed, *People v. Massey*, No. 1-06-3665

(Ill. App. Sept. 24) (unpublished order).  Massey filed a PLA, arguing that the State failed to

prove that he was guilty beyond a reasonable doubt and that his appellate counsel from his direct

appeal was ineffective because he did not raise this argument.  On March 25, 2009, the Illinois

Supreme Court denied Massey's PLA.

On April 22, 2009, Massey filed a federal habeas petition contending that:

(1)　　his due process rights were violated when:

    (A)　　the trial court declined to instruct the jury regarding the credibility of
           addict witnesses,

    (B)　　the trial court declined to instruct the jury regarding a lesser included
           offense during deliberations when the jury announced that it was
           deadlocked on the first degree murder charge, and instead instructed the
           jury to continue deliberating,

    (C)　　he was denied the right to subpoena witnesses on his behalf, including
           Tyrese Murray;

    (D)　　he was denied the right to confront witnesses when counsel stipulated to
           the medical examiner's testimony regarding Evan's autopsy;

    (E)　　there was insufficient evidence to support his convictions because the
           State's witnesses were drug addicts and/or convicted felons; and

(F)     the State knowingly and intentionally introduced false evidence (apparently, in connection with interviews of the victims who survived the shooting);

(2)     his trial counsel rendered constitutionally ineffective assistance by failing to:

(A)     conduct a pre-trial interview of an exculpatory witness (Tyrese Murray);

(B)     object to the introduction of false evidence (apparently, testimony that Massey believes was not credible); and

(C)     move for the removal of a juror who was allegedly biased because she had family members who lived on the block where the shootings occurred; and

(3)     his appellate counsel rendered constitutionally ineffective assistance by failing to argue prosecutorial misconduct and sufficiency of the evidence on direct appeal.

**B.    Facts**

Between 3:30 a.m. and 4 a.m. on May 30, 1999, three shootings occurred at 413 North Harding Street in Chicago, Illinois.  The three victims were Frank Evans, who was fatally shot in the head, and Betty Jo Miller and William Manning, who were wounded but survived.  The jury ultimately found that Charles Fountaine was the shooter and Massey was his accomplice.

Massey did not testify at trial.  The witnesses at trial included four occurrence witnesses: Betty Jo Miller, William Manning, Karen Whittington, and Michael Johnson.  Massey contended at trial that he was misidentified as a participant in the shootings.  To support this theory, he attempted to impeach the testimony of the State's witnesses by, among other things, focusing on their drug addictions and prior convictions.

**1.    Betty Jo Miller**

Betty Jo Miller testified that she and William Manning rented the back bedroom at 413 North Harding Street.  She knew Massey, as prior to the shootings in the early morning hours of May 30, 1999, Miller had seen him at the house processing and selling drugs.  Approximately

two weeks before the shootings, Massey and Evans argued about money Evans owed Massey for drugs. Three days before the shootings, Massey came to the house and Evans hid in a closet.

On the fateful evening of May 29, 1999, Miller picked up Timothy Gunther and drove to the house. Upon arrival, she, Gunther, and Manning ingested drugs. Although Miller "came and went" throughout the day, she smoked $40 to $50 of crack cocaine while she was at the house on May 29th.

Around 3 a.m., Miller returned to the house, purchased $30 of cocaine from Frank Evans and Tyrese Murray, went to the back bedroom, and shared the cocaine with Manning and Gunther. Subsequently, two men – later identified by Miller and other witnesses as Fountaine and Massey – broke down the front door of the house. Evans and Murray raced into the bedroom as the two intruders closed in on the bedroom.

According to Miller, Massey entered the bedroom and yelled at Evans, "You can't f*** with me." While Evans pleaded "no," Fountaine pointed a gun at Evans' face and looked at Massey, who nodded his head affirmatively. Fountaine then shot Evans in the face, and then shot Manning. After Massey told Fountaine to "Shoot the b****," Fountaine shot Miller three times. Miller saw Fountaine leave the room and then fell unconscious. Only Manning and Miller survived.

Miller identified Massey from a photographic array shortly after the shooting and at trial testified that Massey was the man with Fountaine. On cross-examination, Miller admitted that she had four prior felony convictions. She also admitted that in May of 1999, she was a cocaine addict and smoked crack cocaine four to five days a week.

### 2. William Manning

Manning's version of the events surrounding the shootings corroborated Miller's account, except that he testified that after Evans was shot, he was shot and then Miller was shot. He also testified that prior to the shootings, Evans and Massey had a dispute regarding drug sales. In addition, like Miller, Manning identified Massey from a photographic array and a lineup and at trial testified that Massey was the person who had accompanied Fountaine.

Manning admitted that he had two prior felony convictions and was currently incarcerated. On cross-examination, he explained that in May of 1999, he was "severe[ly] addict[ed]" to both cocaine and heroin.

### 3. Karen Whittington & Michael Johnson

Karen Whittington and Michael Johnson both testified that at 3:40 a.m. on May 30, 1999, they were sitting on the porch across the street from the house at 413 North Harding Street. Whittington observed two men, one of whom she identified as Massey, stop at the house. She told Johnson that "something didn't look right," so Johnson left. When he was about a block away, he heard gunshots. Back at North Harding Street, Whittington saw two men, one of whom she identified as Massey, kick in the front door, and then she heard five gunshots.

Whittington admitted on cross-examination that she was under the influence of both cocaine and marijuana at the time of the shootings, and had used drugs on a daily basis for 24 years. In turn, Johnson admitted on cross-examination that he had two prior convictions within a year prior to the incident, and continued to use drugs after the incident.

### 4.     Cook County Medical Examiner & Detective Hughes

The parties stipulated that the Cook County Medical Examiner would testify that he performed an autopsy and concluded that Evans' death was a homicide. He found that Evans had been shot in the neck and hand, and the shots did not indicate that they had been fired from close range.

Detective Michael Hughes testified that Gunther described the shooter's accomplice as someone whose physical appearance was different from that of Massey's.

### 5.     Jury Instructions

To support his theory that the witnesses misidentified him because they were drug addicts with prior convictions, petitioner proposed the following nonpattern jury instruction:

> Testimony of an addict is to be scrutinized with great caution and if you were to find that a witness was an addict or used narcotics at about the time of the alleged crime, such a finding would be an important factor going to general reliability of the witness.

*People v. Massey*, No. 1-04-3095 at 5.

The trial court declined to give the instruction, stating:

> [W]e know that the I.P.I. [Illinois Pattern Jury Instruction] Committee has not approved an addict instruction. . . . [T]he fact that the first five witnesses of the State's case were drug addicts has been sufficiently covered in cross-examination and I'm sure will be sufficiently covered in concluding arguments. I don't think the jury needs further instruction with regard to that matter.

*Id*. The trial court did, however, include the Illinois pattern instruction regarding the jury's role in evaluating the believability of witnesses. Illinois Pattern Jury Instructions, Criminal, No. 1.02 (4th ed. 2000). The jury ultimately convicted Massey of first degree murder and two counts of aggravated battery with a firearm.

**II.     Discussion**

**A.     Threshold Matters**

The court will begin by summarizing the rules governing exhaustion and procedural default and by recapping the standard of review that guides this court in resolving Massey's § 2254 petition.

**1.     Exhaustion and Procedural Default**

Before this court may reach the merits of Massey's federal habeas claims, it must consider whether he has exhausted his state remedies and avoided procedural default under Illinois law.  *See Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir.2002).

**a.     Exhaustion of State Court Remedies**

To exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents them to a federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits or when no means of pursuing review remain available. *Boerckel*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c).  Here, Massey has exhausted his state court remedies because no state court relief is available to him at this stage in the proceedings.

**b.     Procedural Default**

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey*, 294 F.3d at 915.  This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal claims to the state court, *Boerckel*, 526 U.S. at 844.  It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement, *Stewart v. Smith*, 536 U.S. 856 (2002).  If an Illinois

appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003).

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### 2. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively"

unreasonable. *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet,* 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if one of several equally plausible outcomes); *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

### B. Massey's Claims

As noted above, on direct appeal, Massey argued in his PLA that the trial court should have given an "addict instruction" since critical witnesses were drug addicts. In the PLA filed in his state collateral proceedings, Massey argued that the State failed to prove that he was guilty beyond a reasonable doubt and that his appellate counsel from his direct appeal was ineffective because he did not raise this argument. For the following reasons, these arguments are unavailing. Massey's remaining arguments are procedurally defaulted. Because no exceptions to procedural default are applicable, Massey is not entitled to relief under § 2254.

### 1. "Addict Instruction"

The court begins by considering Massey's contention that the trial court violated his due process rights by declining to give his proposed "addict instruction." Massey does not contend that the state court's ruling is at odds with any United States Supreme Court authority or federal law. His request for federal habeas relief based on the lack of his suggested "addict instruction" is, therefore, doomed as this court may only address the merits of claims based on "alleged violations of the federal constitution, laws and treaties." *Biskup v. McCaughtry*, 20 F.3d 245,

247 (7th Cir. 1994) ("§ 2254 cannot be invoked simply . . . to review alleged violations of state law"); *see also United States ex rel. Mitchell v. Chrans*, No. 99 C 8466, 2003 WL 1745807, at *3 (N.D. Ill. Mar. 31, 2003) (rejecting claim that "Illinois law requires a cautionary instruction to be given if requested where there is evidence that a witness is addicted to drugs" as "[t]his issue is not cognizable in a federal court on a habeas petition" because it is not based on a violation of federal law).

In any event, even if this issue was properly before the court, it would still be unavailing as the court can only review the merits of a state court decision on a state law question if the issue rises to the level of a due process violation. *See, e.g., Middleton v. McNeil*, 541 U.S. 433, 437 (2004). A defendant does not receive a fundamentally fair trial if the challenged rulings "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Here, the state court noted that Massey had the opportunity to impeach the credibility of the witnesses by cross-examining them regarding their drug addictions at the time of the shooting. Massey unquestionably took advantage of this opportunity. Moreover, the trial court used an Illinois pattern instruction to guide the jury regarding its duty to evaluate the credibility of witnesses' testimony. Massey has not suggested how his proposed instruction would have changed anything. In addition, because Massey can and did extensively cross-examine the witnesses about their drug addictions to call their credibility into question, the record shows that his due process right to a fair trial was not affected. Thus, Massey is not entitled to federal habeas relief regarding his addict instruction claim.

## 2.        Sufficiency of the Evidence/Ineffective Assistance

The court next turns to Massey's argument that the State failed to prove that he was guilty beyond a reasonable doubt and that his appellate counsel on direct appeal was ineffective because he failed to raise this argument. Massey presented a sufficiency of the evidence argument in his state postconviction petition, which was summarily dismissed as the state court found that he could have raised it on direct appeal and hence had waived it. *See People v. Massey*, No. 1-06-3665 at 6.

The failure to properly present a claim to the state courts is an independent and adequate state procedural ground which precludes habeas review if the state court found that the procedural defect barred it from resolving the defendant's claims on the merits. *See Dressler v. McCaughtry*, 238 F.3d 908, 912-13 (7th Cir. 2001). The state court found that Massey failed to properly present his sufficiency of the evidence claim as required by state law. Accordingly, his sufficiency of the evidence claim is procedurally defaulted based on an independent and adequate state ground.

Massey also attempted to cast his sufficiency of the evidence argument as an ineffective assistance claim, arguing that his appellate counsel's failure to raise this argument constituted ineffective assistance. The Illinois Appellate Court considered the merits of this argument and rejected it. Thus, Massey's ineffective assistance claim is properly before this court. In rejecting this claim, the Illinois Appellate Court cited to Illinois Supreme Court precedent and held that to prevail on an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. This standard is identical to that set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Where the state appellate court ruled on the merits of an argument raised by the

petitioner but does not discuss the claim with reference to federal law, it is irrelevant if the standard the state court applied is as demanding as the federal standard. *Oswald v. Betrand*, 374 F.3d 475, 477 (7th Cir. 2004), *citing Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam); *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

Accordingly, the court finds that the state court correctly identified the controlling law governing ineffective assistance claims. It thus must consider whether its application of this law to the facts of this case was reasonable. *Jackson v. Virginia*, 443 U.S. 307 (1979), contains the relevant standard for direct appellate review. In *Jackson*, the Supreme Court held that a conviction must stand if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. The case cited by the state court – *People v. Wheeler*, 226 Ill.2d 92 (Ill. 2007) – contains this identical standard.

The state court acknowledged that the testimony was not completely consistent, but held that the record reasonably supported the jury's verdict. *See People v. Massey*, No. 1-06-3665 at 8-9. Specifically, it stated:

> Here, while it is true that there were discrepancies in the eyewitness testimony, including in the identification of codefendant, victims Miller and Manning were consistent in their pre-trial and testimonial identification of [Massey]. They were corroborated by the testimony of Johnson and Whittington, who also did not deviate from their identifications of [Massey] placing him near or on the premises from just before until just after the shootings. While [Massey] emphasizes that all of these witnesses were drug addicts, the jury heard ample evidence on the point and ultimately found them to be credible witnesses . . . . Moreover, there is a reasonable basis on the record (Whittington's testimony that she had taken drugs in Johnson's presence but he had not partaken) to conclude Johnson was not under the influence of drugs at the time of the incident.

*Id*. The court then concluded that the failure to raise an argument on appeal that would have failed did not constitute ineffective assistance. *Id*.

This court finds that the state court's ruling was not objectively unreasonable. It appreciates that Massey takes issue with the testimony of certain witnesses and believes that the jury should have come to a different conclusion. Nevertheless, in a federal habeas proceeding, this court's task is not to retry the case and draw its own credibility determinations. As noted by the respondent, the Seventh Circuit has held that "it is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). Miller and Manning, both of whom were shot in the incident at issue in this case, consistently identified Massey as the shooter's accomplice, and their testimony was corroborated by Johnson and Whittington. Moreover, while these witnesses may not have led a blameless life prior to their testimony, Massey's counsel cross-examined them regarding their drug addictions and backgrounds at the time of the shooting.

The jury, quite simply, chose to accept the witnesses' testimony and convict Massey. Given all of the evidence adduced at trial, when viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As such, the failure to raise a losing argument does not rise to the level of ineffective assistance. *See Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002) (the failure to raise a losing argument, whether at trial or on appeal, is reasonable and thus does not constitute ineffective assistance of counsel). Massey is, therefore, not entitled to relief as to his sufficiency of the evidence or ineffective assistance claims.

### 3. Exceptions to Procedural Default

Massey's § 2254 petition includes a number of issues that were not in the PLAs filed in his direct or collateral proceedings. As discussed above, these claims are procedurally defaulted.

The court thus considers whether any exceptions to procedural default allow it to reach the merits of those claims.

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. at 750. Although Massey does not contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his default, the court will nevertheless consider whether these exceptions can help him.

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Massey failed to properly follow state procedural rules. Nothing in the record before the court indicates that an objective factor prevented him from doing so. Thus, cause does not excuse his default. Moreover, an allegation of ineffective assistance of counsel is not, by itself, enough to establish prejudice, *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998), or avoid procedural default, *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (assertion of ineffective assistance of counsel to excuse default is itself a constitutional claim that must be raised before state court or be procedurally defaulted). Thus, neither cause nor prejudice exists.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence," a petitioner must present

clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id*. Massey's petition, as well as the state court pleadings submitted to the court, do not contain any substantiated allegations of actual innocence. Thus, this exception does not apply.

**III.    Conclusion**

For the above reasons, Massey's § 2254 petition [1-1] is denied. In addition, Anthony Ramos is substituted as the respondent. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE:   November 20, 2009

Blanche M. Manning
United States District Court Judge